IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 cv 7250 |
| | ) |
| NORTHEAST ILLINOIS REGIONAL | ) |
| COMMUTER RAILROAD CORPORATION | ) |
| (d/b/a METRA), and METRA POLICE | ) |
| OFFICER THOMAS BABUSCH, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, HAROLD PRICE, by and through counsel, SAMUELS & ASSOCIATES, LTD. and FLANAGAN INJURY LAW GROUP, LLC., complaining of the defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION (d/b/a METRA) and METRA POLICE OFFICER THOMAS BABUSCH, states as follows:

### INTRODUCTION

This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

2. Pendent jurisdiction as provided under U.S.C. § 1367(a).

1

## PARTIES

3. PLAINTIFF HAROLD PRICE is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4. DEFENDANT OFFICER THOMAS BABUSCH ("Defendant Officer") was, at the time of this occurrence, a duly licensed Metra Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. DEFENDANT NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION ("METRA") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

6. On or around October 9, 2015, Plaintiff HAROLD PRICE was on his way to pick up his then 10-year-old daughter from Central Park Elementary in Midlothian.

7. As he was on his way, he was pulled over by Defendant Officer for an alleged traffic violation.

8. Defendant Officer used excessive force against Plaintiff HAROLD PRICE. At the time, Plaintiff HAROLD PRICE was employed as a truck driver with Venture Logistics. The force used against Plaintiff was objectively unreasonable.

9. Plaintiff HAROLD PRICE was then arrested by Defendant Officer. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officer, Plaintiff was not violating any laws, rules, or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff HAROLD PRICE on October 9, 2015.

10. After arresting Plaintiff, Defendant Officer commenced criminal proceedings against Plaintiff. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.

11. At the time that Plaintiff was arrested, Defendant Officer knew that there was no probable cause or legal justification to arrest the Plaintiff.

12. The acts of Defendant Officer were intentional, willful and wanton.

13. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force
*Against Defendant Officer*

14. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

15. The actions of the Defendant Officer constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

16. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, HAROLD PRICE, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officer for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Arrest
*Against Defendant Officer*

17. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

18. The actions of Defendant Officer, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

19. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiffs mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damages.

WHEREFORE the Plaintiff, HAROLD PRICE purusant to 42 U.S.C. §1983, demands judgment against Defendant Officer for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 745 ILCS 10/9-102 – Indemnification
*Against Defendant Metra*

20. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

21. Defendant Metra is the employer of the Defendant Officer.

22. Defendant Officer committed the acts alleged above under color of law and in the scope of her employment as an employee of Metra.

WHEREFORE the Plaintiff, HAROLD PRICE, demands that, should Defendant Officer be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the

Defendant METRA be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

### COUNT IV: Malicious Prosecution (State Law Claim)
*Against All Defendants*

23. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

24. By the actions detailed above, Defendant Officer knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which he knew there was no probable cause.

25. Defendant Metra is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officer performed the actions complained of while on duty and/or in the employ of Defendant Metra, and while acting within the scope of this employment.

26. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of their lost liberty, exposure to public scandal and disgrace, damage to their reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, HAROLD PRICE demands judgment against the defendants, Defendant Officer and Defendant Metra, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,
        HAROLD PRICE


    By:  s/ L. Michael Flanagan
        One of Plaintiff's Attorneys

        L. Michael Flanagan
        Flanagan Injury Law Group, LLC
        1525 E. 53rd Street, #832
        T: 773-789-8529
        E: Michael@windycityinjury.com


        Jeanette Samuels
        SAMUELS & ASSOCIATES, LTD.
        3440 S. Cottage Grove, #504
        Chicago, IL 60616
        T: 872-588-8726
        E: sam@jsamlaw.com